from one James H. Long, dated September 8, 1890. These facts were proved by the papers in evidence, and not disputed by the people. Upon these undisputed facts it is difficult to see how the jury could find that the defendant was the keeper of this place. We can commend the zeal of the jury in their attempts to suppress the pernicious practice of keeping and maintaining gambling houses, which are offenses alike against society and law, but, in their search for a victim on whom to visit their condemnation, they cannot be permitted to overlook and disregard the fundamental and elementary principle in the criminal law that holds all innocent of the commission of crime until proven guilty. There is no evidence in this case to overcome that humane presumption, even if we give full weight to the evidence of the hired detective and suspects, on whose testimony the learned district attorney relies to sustain this conviction.

The conviction must therefore be reversed. All concur.

### In re BRADLEY.

### In re SULLIVAN.

(Supreme Court, General Term, Third Department. December 8, 1892.)

TOWN SUPERVISOR—SUCCESSOR—QUALIFICATION—APPROVAL OF BOND.

　　Laws 1890, c. 569, provides that a supervisor shall serve until his successor is elected and "qualified;" that every supervisor shall take an oath of office, and "within 30 days after entering upon his office" file an undertaking to be approved by the board. *Held*, that a supervisor serves only until the oath of his successor, after which he is no longer a member of the board, and therefore need not be notified of a meeting at which the undertaking is to be approved.

Appeal from special term, Essex county.

Application of Henry Bradley to compel delivery by William H. Sullivan of books and papers pertaining to the office of supervisor, to which applicant claimed to have been elected. From an order of the special term requiring delivery, defendant appeals. Affirmed.

Mr. Justice Stover delivered the following opinion at special term:

"The application is to compel delivery of books and papers belonging to the supervisor of the town of Minerva, in Essex county. The question as to the election of the supervisor has been finally passed upon by the court of last resort, and cannot be raised now.

"Of the other questions raised the only one entitled to serious consideration is whether the bond of the incoming supervisor has been properly approved. The statute provides that the supervisor shall serve until his successor is elected and qualified. Section 13, c. 569, Laws 1890. Supervisors are required to take the constitutional oath of office. Section 60 of the law above cited requires every supervisor elected or appointed, 'within 30 days after entering upon his office,' to file an undertaking, such bond to be approved by the town board. The defendant in this proceeding sets up that he was not notified to attend the meeting of the town board at which the undertaking of the petitioner was approved. The papers show upon their face that the town board approved the bond. There can be no doubt of the correctness of the rule that all the members of the board must be notified of the meeting, and a majority must be present. If, therefore, the defendant was a member of the town board, and was not notified of the meeting, the action of the board is of no effect. I am of the opinion that the defendant was not a member of the town board. The doubt grows out of some seeming inconsistencies and ambiguities of the statute. The language is that

the supervisor shall hold 'until his successor is elected and qualified.' What is meant by 'qualification?' Does it mean the filing of the oath only, or the filing of the oath and the giving of the undertaking? It would seem in the case of the supervisor that 'qualification,' referred to in sections 12 and 13, meant the filing of the oath of office, because the language of section 60, under which the undertaking is required, is as follows: 'Every supervisor hereafter elected or appointed shall, within 30 days after entering upon his office, make and deliver to the town clerk of the town his undertaking,' etc. Evidently this section contemplated the new supervisor in office, and that he became supervisor upon the acceptance of the office by filing the constitutional oath. Section 51. It follows, therefore, that the defendant ceased to be supervisor upon the filing of the oath of office by the petitioner herein, and, of course, was not entitled to notice of the meeting of the town board. The objection that the bond was not properly approved therefore fails. Any vacancy occurring after the acceptance of the office by the petitioner would be a vacancy of the new term, and would not give the defendant any right to the office. We need not discuss the question further. The objection raised is that the defendant did not have notice of the meeting of the town board, and, if I am right in my interpretation of the statute above quoted, the objection is not a valid one. As to the failure to file the itemized list of expenses, I do not think the question can be raised in this proceeding That question ought not to be adjudicated except by a judgment of the court in an action properly brought. The petitioner is entitled to the order asked for."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Robert Dornburgh, for appellant.
Foley & Wing, for respondent.

PER CURIAM. Affirmed on opinion of special term, with $10 costs and printing and other disbursements.

---

### POST et ux. v. CHARLESWORTH et al.

(Supreme Court, General Term, Third Department. December 8, 1892.)

1. UNAUTHORIZED APPEARANCE BY ATTORNEY—SETTING ASIDE JUDGMENT.
    Where attorneys, without authority, appear for a person as a party plaintiff to an action of partition, a proper remedy for relief from a judgment against such party for costs is by motion in the same case to set it aside, and for an order directing such attorneys to pay it in case it is not paid by the party for whom they had authority to appear.
2. SAME—REMEDY BY ACTION FOR DAMAGES.
    In such case the person whose name was used without authority will not be compelled to pay the judgment and resort to an action against such attorneys for damages.
3. SAME—EVIDENCE.
    In such case the affidavit of the moving party stated that she gave no authority or consent for the attorneys of record to appear for her, and that she had no knowledge of the appearance, or that she was a party, until after judgment. The affidavit of her husband, her coplaintiff of record, stated that he did not authorize the attorneys to appear for his wife, or to make her a party. One of the attorneys stated in an unverified letter to the justice who heard the motion that the husband authorized them to appear for his wife, and they supposed it was all right. *Held,* that the judgment against the wife should be set aside.
4. SAME—DIRECTION TO ATTORNEYS TO PAY JUDGMENT.
    Where notice of the motion, and the moving affidavits, and an order directing such attorneys to show cause why they should not be compelled to pay such judgment, are served on them in such case, and they make no appearance, the court should direct such attorneys to pay the judgment in case it is not collected of the husband.

Appeal from special term.