### PEOPLE ex rel. PERKINS v. PELCHER.

(Supreme Court, Special Term, Montgomery County.    July, 1912.)

TOWNS (§ 28*)—SUPERVISORS—TERM OF OFFICE.

Under Const. art. 3, § 26, providing for a county board of supervisors elected as provided by law, and article 10, § 3, providing that the term of office when not fixed by the Constitution may be fixed by law, and Town Law (Consol. Laws 1909, c. 62) §§ 40, 82, providing for biennial town meetings at a time fixed by the board of supervisors of the county, and declaring that supervisors shall hold office for two years and that when the time of holding town meetings is changed to November, the town officers elected thereat shall take office on January 1st next, and Public Officers Law (Consol. Laws 1909, c. 47) § 5, providing that officers shall hold office until the election of their successors, a resolution of the board of supervisors of a county changing the date of a town meeting from spring to November, and providing that officers elected in November shall take office on January 1st following, thereby extending the term of office of supervisors in office at the time of the adoption of the resolution, is authorized by statute, and is valid.

[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 43–51; Dec. Dig. § 28.*]

Action by the People, on the relation of Isaiah Perkins, against Alfred Pelcher.    Complaint dismissed on the merits.

Thomas Carmody, Atty. Gen., and C. W. Smith, of Johnston, for plaintiff.

Frank Talbot, of Gloversville, for defendant.

BORST, J.    Plaintiff brings this action to have it determined that Isaiah Perkins is entitled to hold the office of supervisor of the town of Lake Pleasant, Hamilton county, N. Y., from the 19th day of March, 1913, and to oust the defendant from the said office which he claims of right to hold.    The regular town meeting in Hamilton County was held on the third Tuesday of March, 1911.    On that date the defendant Alfred Pelcher was elected supervisor of the town of Lake Pleasant for the full term, and thereafter qualified and entered upon the discharge of his duties.    At the regular annual session of the board of supervisors of Hamilton county held at Lake Pleasant, N. Y., on the 29th day of November, 1911, all the members of the board being present and voting in favor thereof, the following resolution was adopted:

"Resolved, pursuant to the Election Law of 1912, and section 40 of the Town Law, the time for holding the general or biennial town meetings in the several towns in Hamilton county is hereby changed from the third Tuesday in March to the first Tuesday after the first Monday in November.    All town

officers elected at the general election in November, 1913, shall take office on the first day of January, 1914."

And which resolution has never been rescinded or in any way changed.

In the town of Lake Pleasant this resolution of the supervisors was disregarded, and a town meeting was held on the third day of March, 1913, and among other officers who had been nominated and who received the majority vote at such meeting was Isaiah Perkins, the relator in this action, for the office of supervisor. Mr. Perkins thereafter qualified and demanded the books, papers, and moneys of the town held by the defendant Pelcher as supervisor. The latter refused to turn the same over to Mr. Perkins, and has continued to perform the duties of the office of supervisor of Lake Pleasant since the third Tuesday of March, 1911, and claims the right to continue to hold said office until the 1st day of January, 1914, or until his successor shall be elected in November, 1913, pursuant to the said resolution of the Board of Supervisors.

Article 3, § 26, of the Constitution of this state, provides:

"There shall be in each county, except in a county wholly included in a city, a board of supervisors, to be composed of such members and elected in such manner and for such period as is or may be provided by law."

This provision was in the early constitutions of the state, and by virtue of it the Legislature made provision for the election of boards of supervisors in each county. These officials were elected at the annual town meetings which were held, as provided by statute, on some Tuesday between the first Tuesday in February and the first Tuesday in May. Later it was provided that the date for holding town meetings should be on some day between the 1st day of February and the 1st day of May in each year, with power in the board of supervisors to fix the time for the town meetings for their respective counties at their pleasure within the period stated. This power to fix the time for holding the town meetings annually in the several counties of the state continued until the enactment of chapter 481, Laws of 1897, whereby it was provided that the town meetings should be biennial. Following this came chapter 363, Laws of 1898, by which, in addition to the times before stated, town meetings could be held on the first Tuesday after the first Monday in November, except in the year 1898. By section 40 of the present Town Law, which was in existence at the time the defendant was elected, the further provision was added that the biennial town meetings when held in November should be held in odd-numbered years. This was undoubtedly added to the previous law so as to prevent the holding of town meetings, if held in November, at the same time as the general election for state officers. A provision existed from the beginning that the officers elected should hold office until the election of their successors. Re Bradley, 21 N. Y. Supp. 167.[1]

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 629.

In the enactment of the Town Law of 1909 this last provision was omitted, but carried into section 5, Public Officers Law (Consol. Laws 1909, c. 47).

The relator contends that the resolution adopted by the board of supervisors is invalid because its effect is to extend the term of office of the defendant from March 19, 1912, to December 31, 1913. On this proposition he calls attention to the provisions of the Constitution which prohibit the extension of the term for which an officer has been elected by the people after his election, and cites numerous authorities which sustain that contention. It may be noted that the power which has existed in the board of supervisors to change the date of town meetings from the 1st day of February to the 1st day of May would operate in effect the same as the resolution in question, except that in such case the supervisors elected would take office on the day following their election, while under the resolution in question they would not take the office until January 1st succeeding their election in November.

Article 10, § 3, of the Constitution, provides:

"When the duration of any office is not provided by the Constitution, it may be declared by law."

The term of office of supervisor is not fixed by the Constitution, but has been declared by the Legislature to be for the period of two years, except the Legislature, prior to the passage of the resolution in question, provided that, in case of the adoption of such a resolution changing the time of holding biennial town meetings to the first Tuesday after the first Monday in November, all town officers hereafter elected (that is after the enactment of section 82 of the Town Law; chapter 491, Laws 1909), should hold office until the 1st day of January succeeding the town meeting held pursuant to such resolution. The extension of the term of office of the supervisors in office when the resolution was adopted was therefore by virtue of the Legislative enactment, and not simply by the resolution of the board of supervisors. In effect, the Legislature declared that the term of office of members of a board of supervisors should be for two years, unless a resolution was adopted by the board changing the time for holding the town meetings from spring until fall; then and in that case their terms should expire at a different time several months later than the period of two years. The electors of Hamilton county selected their supervisors with the knowledge that such a resolution could be adopted and the time of the officers elected extended as suggested.

The authorities cited, which relate to cases where the term was fixed for which the officers were to serve when elected, have no application. Here the term was fixed by the Legislature for a period of two years conditioned that it might be changed to a further fixed period on the adoption of a resolution such as the one in question. Further, it must be conceded that the board of supervisors of Hamilton county could change the time of holding the biennial town meetings. This they did by resolution, the effect of which was to provide that no town meeting could be held in March, 1913, but that such meeting should be held in November. There could therefore be no town meeting held

in the town of Lake Pleasant in March, 1913, at which relator claims to have been elected. He therefore has no standing to claim the office. The vacancy, if any there existed, could only be filled by the proper authorities, and, until it was filled, the defendant would be entitled to hold the office.

The complaint of the plaintiff must therefore be dismissed on the merits.