Motion to set aside the judgment as irregular and premature granted, with costs.

Motion granted, with costs.

---

THE PEOPLE ex rel. ISAIAH PERKINS, Plaintiff, *v.* ALFRED PELCHER, Defendant.

(Supreme Court, Montgomery Special Term, June, 1913.)

Election Law — board of supervisors of Hamilton county — town meetings — when officers elected at general election take office — action to determine who entitled to office — Town Law, § 40.

The board of supervisors of Hamilton county at a regular session held November 29, 1911, all members being present and voting in favor thereof, adopted pursuant to the Election Law and section 40 of the Town Law a resolution at which the time for holding the general or biennial town meeting in the several towns was changed from the third Tuesday in March to the first Tuesday after the first Monday in November, all officers elected at the general election in 1913 to take office on January 1, 1914. At a town meeting held March 3, 1913, relator received the majority vote for the office of supervisor and having qualified demanded the books, papers and moneys of the town from defendant who had been duly elected supervisor at the regular town meeting held March 3, 1911. In an action to have it determined that relator was entitled to the office and to oust defendant, who refused to turn over the books and papers, held, that the board of supervisors had the legal right to change the time for holding the biennial town meetings and had done so by the adoption of the resolution.

That there could have been no town meeting in March, 1913, at which relator claims to have been elected.

That if any vacancy in the office existed defendant was entitled to hold the office until the vacancy was filled by the proper authorities, or until his successor in office should have been elected in November, 1913.

Supreme Court, June, 1913.            [Vol. 81.

Action to determine the relator's right to hold the office of supervisor.

Thomas Carmody, attorney-general (C. W. Smith, of counsel), for plaintiff.

Frank Talbot, for defendant.

Borst, J.    Plaintiff brings this action to have it determined that Isaiah Perkins is entitled to hold the office of supervisor of the town of Lake Pleasant, Hamilton county, N. Y., from the 19th day of March, 1913, and to oust the defendant from the said office which he claims of right to hold.

The regular town meeting in Hamilton county was held on the third Tuesday of March, 1911.   On that date, the defendant, Alfred Pelcher, was elected supervisor of the town of Lake Pleasant for the full term and thereafter qualified and entered upon the discharge of his duties.

At the regular annual session of the board of supervisors of Hamilton county held at Lake Pleasant, N. Y., on the 29th day of November, 1911, all the members of the board being present and voting in favor thereof, the following resolution was adopted:

" Resolved, pursuant to the Election Law of 1912, and section 40 of the Town Law, the time for holding the general or biennial town meetings in the several towns in Hamilton county is hereby changed from the third Tuesday in March to the first Tuesday after the first Monday in November.   All town officers elected at the general election in November, 1913, shall take office on the first day of January, 1914."

and which resolution has never been rescinded or in any way changed.

In the town of Lake Pleasant, this resolution of the

supervisors was disregarded and a town meeting was held on the 3d day of March, 1913, and among other officers who had been nominated and who received the majority vote at such meeting was Isaiah Perkins, the relator in this action, for the office of supervisor. Mr. Perkins thereafter qualified and demanded the books, papers and moneys of the town held by the defendant, Pelcher, as supervisor. The latter refused to turn the same over to Mr. Perkins and has continued to perform the duties of the office of supervisor of Lake Pleasant since the third Tuesday of March, 1911, and claims the right to continue to hold said office until the first day of January, 1914, or until his successor shall be elected in November, 1913, pursuant to the said resolution of the board of supervisors.

Article 3, section 26, of the Constitution of this state provides: "There shall be in each county, except in a county wholly included in a city, a board of supervisors, to be composed of such members and elected in such manner and for such period as is or may be provided by law."

This provision was in the early Constitutions of the state and by virtue of it the legislature made provision for the election of boards of supervisors in each county. These officials were elected at the annual town meetings which were held, as provided by statute, on some Tuesday between the first Tuesday in February and the first Tuesday in May. Later it was provided that the date for holding town meetings should be on some day between the first day of February and the first day of May in each year with power in the board of supervisors to fix the time for the town meetings for their respective counties at their pleasure within the period stated. This power to fix the time for holding the town meetings annually in the several counties of the state continued until the enactment of

chapter 481, Laws of 1897, whereby it was provided that the town meetings should be biennial. Following this came chapter 363, Laws of 1898, by which, in addition to the times before stated, town meetings could be held on the first Tuesday after the first Monday in November, except in the year 1898. By section 40 of the present Town Law, which was in existence at the time the defendant was elected, the further provision was added that the biennial town meetings when held in November should be held in odd numbered years. This was undoubtedly added to the previous law so as to prevent the holding of town meetings, if held in November, at the same time as the general election for state officers. A provision existed from the beginning that the officers elected should hold office until the election of their successors. Matter of Bradley, 21 N. Y. Supp. 167. In the enactment of the Town Law, 1909, this last provision was omitted but carried into section 5, Public Officers Law.

The relator contends that the resolution adopted by the board of supervisors is invalid because its effect is to extend the term of office of the defendant from March 19, 1912, to December 31, 1913. On this proposition, he calls attention to the provisions of the Constitution which prohibit the extension of the term for which an officer has been elected by the people after his election, and cites numerous authorities which sustain that contention.

It may be noted that the power which has existed in the board of supervisors to change the date of town meetings from the first day of February to the first day of May would operate in effect the same as the resolution in question, except that in such case the supervisors elected would take office on the day following their election while under the resolution in question they would not take the office until January first succeeding their election in November.

Article 10, section 3, of the Constitution provides " When the duration of any office is not provided by this Constitution it may be declared by law." The term of office of supervisor is not fixed by the Constitution but has been declared by the legislature to be for the period of two years, except the legislature, prior to the passage of the resolution in question, provided that in case of the adoption of such a resolution changing the time of holding biennial town meetings to the first Tuesday after the first Monday in November, all town officers hereafter elected (that is after the enactment of section 82 of the Town Law, chapter 491, Laws of 1909) should hold office until the first day of January succeeding the town meeting held pursuant to such resolution. The extension of the term of office of the supervisors in office when the resolution was adopted was therefore by virtue of the legislative enactment and not simply by the resolution of the board of supervisors.

In effect the legislature declared that the term of office of members of a board of supervisors should be for two years unless a resolution was adopted by the board changing the time for holding the town meetings from spring until fall, then and in that case their terms should expire at a different time several months later than the period of two years. The electors of Hamilton county selected their supervisors with the knowledge that such a resolution could be adopted and the time of the officers elected extended as suggested.

The authorities cited, which relate to cases where the term was fixed for which the officers were to serve when elected, have no application. Here the term was fixed by the legislature for a period of two years conditioned that it might be changed to a further fixed period on the adoption of a resolution such as the one in question.

Further, it must be conceded that the board of su-

Supreme Court, June, 1913.          [Vol. 81.

pervisors of Hamilton county could change the time of holding the biennial town meetings. This they did by resolution, the effect of which was to provide that no town meeting could be held in March, 1913, but that such meeting should be held in November. There could therefore be no town meeting held in the town of Lake Pleasant in March, 1913, at which relator claims to have been elected. He therefore has no standing to claim the office. The vacancy, if any there existed, could only be filled by the proper authorities and until it was filled the defendant would be entitled to hold the office.

The complaint of the plaintiff must therefore be dismissed on the merits.

Complaint dismissed on the merits.